United States District Court
District of Connecticut
FILED AT BRIDGEPORT
July 27 ,20 26
By Abby Bociek
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: GRAND JURY SUBPOENAS | Case No. 3:26MJ 846 (SDV)<br>July 27, 2026 |

APPLICATION FOR ORDER COMMANDING EARLY WARNING SERVICES, LLC NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF GRAND JURY SUBPOENA

The United States requests that the Court order Early Warning Services, LLC, (hereinafter "the Provider") not to notify any person (including the subscribers or customers of the account(s) listed in this subpoena) of the existence of a Grand Jury subpoena for the associated account described in Attachment A Grand Jury subpoena B-25-1-26 (24) (hereinafter "the Subpoenas") until **July 27, 2027.**

In this case, such orders would be appropriate because each Subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation being conducted by the Drug Enforcement Agency regarding violations of laws against drug trafficking and money laundering. The ongoing investigation is neither public nor known to the targets of the investigation, and its disclosure may alert those targets to the ongoing investigation.

Accordingly, there is reason to believe that notification of the existence of this Subpoena will result in endangering the life or physical safety of an individual, flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, and otherwise seriously jeopardizing an investigation or unduly delaying a trial. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of this Subpoena, the subjects under investigation could destroy that evidence, including information on their devices, cellular telephones, and online accounts.

Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, then the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For the reasons listed above, the government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms. The government is proceeding here using a subpoena under 18 U.S.C. § 2703(c)(2). Section 2703(c)(3) provides that when the government proceeds under § 2703(c) (*i.e.,* when it is only seeking records of the provider, and not any content of the subscriber or customer), the government is not required to provide notice to the subscriber or customer. Thus, the government has satisfied all the conditions of § 2705(b).

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or content of the Subpoena until **July 27, 2027**, except that the Provider may disclose its Subpoena to an attorney for the Provider for the purpose of receiving legal advice.

Respectfully submitted,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

_/s/____________________
KENNETH GRESHAM
ASSISTANT U.S. ATTORNEY
Fed Bar No. PHV 11130
1000 Lafayette Blvd., 10th Floor
Bridgeport, CT 06604
(203) 696-3000
Kenneth.Gresham@usdoj.gov